UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLOUS LE'TRA JACKSON,

      Plaintiff,

v.                                                                   CASE NO. 3:21-cv-720-JBT

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## **MEMORANDUM ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his applications for a Period of Disability, Disability Insurance Benefits and Supplemental Security Income. In a decision dated December 16, 2020, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, as defined in the Social Security Act, from December 8, 2019, the alleged disability onset date, through the date of decision. (Tr. 22–33.) Plaintiff has exhausted his administrative remedies and the case is properly before the Court. Having considered the parties' memoranda and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the

---

[1]The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 20 & 21.)

Commissioner's decision is due to be **REVERSED and REMANDED** for further administrative proceedings.

## I.      Issues on Appeal

Plaintiff makes the following arguments on appeal:

> I.    The Appeals Council committed reversible error in failing to remand this matter to the ALJ for consideration of the newly submitted evidence.
>
> II.   The ALJ's reasons for discrediting [Plaintiff's] testimony are not based on substantial evidence.
>
> III.  The Acting Commissioner failed to sustain her burden of establishing that there is other work in the national economy that [Plaintiff] could perform.

(Doc. 25 at 1.) The Court finds merit in the first argument. The Court need not address the additional arguments since the record and the Commissioner's analysis may change on remand.

## II.     Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions,

2

however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

### III.   Analysis

In denying Plaintiff's request for review, the Appeals Council reasoned:

> [Plaintiff] submitted medical records from Callahan Foot and Ankle Clinic dated January 29, 2021 through March 19, 2021 (7 pages).  The Administrative Law Judge decided [Plaintiff's] case through December 16, 2020.  This additional evidence does not relate to the period at issue.  Therefore, it does not affect the decision about whether [Plaintiff was] disabled beginning on or before December 16, 2020.

(Tr. 2.)

The Appeals Council will review an ALJ decision when it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5); *see also Pupo v. Comm'r of Soc. Sec.*, 17 F.4th 1054, 1063 (11th Cir. 2021) (finding that "the Appeals Council erred in not considering additional medical records [claimant] submitted after the ALJ issued his decision."). Because the Appeals Council did not consider Plaintiff's new evidence based on relevancy to the period at issue, the Court must determine, as a question of law on *de novo* review, whether the new evidence "meets the new, material, and chronologically relevant standard." *Washington v. Comm'r of Soc. Sec.,* 806 F.3d 1317, 1321–

3

1322 (11th Cir. 2015) (recognizing that "medical opinions based on treatment occurring after the date of the ALJ's decision may be chronologically relevant" and material when they "relate back to the period before the ALJ's decision.").

First, the subject records are unquestionably new because they are treatment notes that did not exist at the time of the ALJ's decision. The additional evidence provided to the Appeals Council consisted of two follow-up treatment notes from Plaintiff's treating podiatrist, Dr. Eric Shultz, D.P.M. ("Dr. Shultz"), dated January 29, 2021, and March 19, 2021. (*See* Tr. 1–6, 12–18.) The Commissioner concedes that the records post-date the ALJ's decision but argues that the records are irrelevant and immaterial. (Doc. 28 at 7–10.) The Court finds the records are new and therefore satisfy the first prong of the applicable standard.

In considering whether the subject records are chronologically relevant and material, the following background is germane. On December 6, 2019, Plaintiff went to the emergency room at UF Health, was admitted and subsequently underwent multiple surgeries resulting in a right midfoot amputation due to gangrene, sepsis, complications from diabetes, hyperglycemia and other underlying conditions. (Tr. 396.) After discharge from the hospital, Plaintiff continued with follow-up treatment from Family Medical Center of Norwood and Callahan Foot and Ankle for continuing incision care, monitoring of the healing process and assistance in restoring mobility. (Tr. 490–509.) Plaintiff's treatment and mobility limitations initially included compression, elevation, a wheelchair, and

later a rolling walker.  (Tr. 380, 512–14.)  Subsequently, Plaintiff was fitted with a right leg brace.  (Tr. 563.)

Although Plaintiff's medical records reflect various stages of progress in his recovery and mobility, at the hearing Plaintiff testified that he was experiencing continued pain due to a "blister," that he had difficulty with balance and walking, he required a foot brace and the use of a cane, and he needed to keep his foot elevated to avoid discomfort.  (Tr. 46–54, 489–569.)  The ALJ discounted Plaintiff's testimony regarding "the intensity, persistence and limiting effects of [his] symptoms" as "not entirely consistent with the medical evidence and other evidence in the record."  (Tr. 30.)  Further, the ALJ discounted Plaintiff's testimony that he required a cane to walk as "not appear[ing] entirely consistent with primary care physician physical exam findings" wherein the "records show [Plaintiff] doing well and walking with a right foot/leg brace without an assistive device."  (*Id.*)  Additionally, the ALJ found that Plaintiff's treatment records documented a "good response to the course of treatment."  (*Id.*)  The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with some additional limitations.  (Tr. 25.)

The Court finds that the new medical record evidence is chronologically relevant because it relates to Plaintiff's follow-up appointments to treat a "[c]hronic non-pressure ulcer of [Plaintiff's] right foot with [a] large blister," which "gets bigger whenever he walkes [sic] with hs [sic] shoe and brace," prevents him from

5

weightbearing and is "due to failure of [his] brace system." (Tr. 13–14, 17.) Although the new evidence consists of two follow-up appointments that occurred after the date of the ALJ's decision, the records reflect continuing treatment of medical conditions stemming from Plaintiff's amputation and complications from, among other things, an assistive mobility device prescribed by his treating physicians during the period at issue. (Tr. 13–17.) Therefore, the records "relate back to the period before the ALJ's decision" and qualify as chronologically relevant. *Washington,* 806 F.3d at 1322; *see also Pupo*, 17 F.4th at 1064 (recognizing that objective medical evidence that postdates the ALJ's decision may still be chronologically relevant if it has "bearing on the severity" of the claimant's condition "during the relevant time period.").

Finally, the new evidence is material "because, if accepted, 'there is a reasonable possibility' that [it] 'would change the administrative result.'" *Washington*, 806 F.3d at 1321 (quoting *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987))*.* The Commissioner argues that the evidence is not material because it "merely corroborate[s] evidence already in the record." (Doc. 28 at 8.) However, Dr. Shultz's evaluations, including a recommendation for "no weightbearing," corroborate Plaintiff's testimony concerning the continuing complications of his chronic ulcer, inability to tolerate his shoe and right leg brace, use of a cane, and need to elevate his foot. (Tr. 13–14, 46–54.) The Court cannot say that Plaintiff's testimony would have been discounted as inconsistent with the medical records if

6

the ALJ had known that Dr. Shultz's follow-up medical records corroborated Plaintiff's testimony. (Tr. 30.) Further, the ALJ might not have concluded that Plaintiff had a "good response to the course of treatment" and was "doing well and ambulating with a right foot/leg brace without an assistive device." (*Id.*) Also, the ALJ may not have found the prognoses for continued improvement by the state agency doctors "partially persuasive" had she known that Dr. Shultz's additional medical records showed apparent complications in Plaintiff's recovery. (*Id.*) For all of these reasons, the Court finds the new evidence to be material.

## IV. Conclusion

In short, the subject medical records were new, non-cumulative, and material. They were unavailable to the ALJ for review prior to her decision, they related to Plaintiff's underlying condition during the period at issue, and there is a reasonable probability that they would have changed the administrative outcome.

Accordingly, it is **ORDERED**:

1. The Clerk of Court is directed to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the Commissioner to: (a) consider the January 29, 2021, and March 19, 2021, treatment notes from Dr. Shultz as part of the record; (b) reconsider Plaintiff's RFC if appropriate; and (c) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is further directed to close the file.

3. If Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) and/or 42 U.S.C. § 1383(d)(2) must be filed within sixty days of the date on the agency's letter stating the amount of past due benefits. *See In re Admin. Orders of the C.J.*, No. 3:21-mc-1-TJC, Doc. 43 (M.D. Fla. Dec. 7, 2021). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** in Jacksonville, Florida on November 16, 2022.

*[Signature: Joel B. Toomey]*

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record